UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ANN CASTRO, | § | No. SA:15–CV–715–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SN SERVICING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION

Before the Court are four motions filed by Plaintiff Mary Ann Castro. (Dkt. ## 39–42.)  Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.  After reviewing the Motions and the supporting memoranda, the Court **DENIES** Plaintiff's Motions. (Dkt. ## 39–42.)

BACKGROUND

The instant motions involve a lawsuit Mary Anne Castro filed against SN Servicing Corporation ("Defendant") challenging a then-pending mortgage foreclosure action.  Liberally construed,[1] the lawsuit challenges the foreclosure on the grounds of breach of contract and fraud.  (Dkt. # 1, Ex. A-1.)

---

[1] Courts must liberally construe the filings of pro se litigants.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Winland v. Quarternamn, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").  Accordingly, courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Hale v. King,

On August 28, 2015, the Defendant filed a Motion to Dismiss.  (Dkt. # 7.)  This Court issued an order on September 25, 2015 granting Defendant's Motion to Dismiss, and specifically finding that Ms. Castro failed to state a claim either for breach of contract or anticipatory breach of contract related to the loan modification, and failed to allege facts to support a cause of action for fraud.  (Dkt. # 34 at 6–9.)  At that time, Plaintiff's breach of contract claim was dismissed with prejudice, her fraud claim was dismissed without prejudice, and all other pending motions were denied as moot.  (Id. at 9.)

On the same day, Ms. Castro filed a notice of appeal with this court.  (Dkt. # 36.)  On November 3, 2015, the United States Court of Appeals for the Fifth Circuit issued its mandate dismissing Plaintiff's appeal for want of prosecution.  (Dkt. # 38.)  On November 5, 2015, Ms. Castro filed the four instant motions: (1) Notice of Default Judgment in the Amount of 200,000 (Dkt. # 39); (2) Motion to Set Aside Foreclosure Judgment (Dkt. # 40); (3) Motion to Vacate Foreclosure Sale (Dkt. # 41); and (4) Plaintiff's Request to Reset Nonjury Trial (Dkt. # 42).

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment in certain circumstances:

---

642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

> mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released or
> discharged, it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The purpose of Rule 60(b) is to balance the principle

of finality of a judgment with the interest of the court in seeing that justice is

done in light of all the facts."  Hesling v. CSX Transp., Inc., 396 F.3d 632,

638 (5th Cir. 2005).  This relief "is considered an extraordinary remedy,"

and "the desire for a judicial process that is predictable mandates caution in

reopening judgments."  In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005)

(quoting Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)).

## DISCUSSION

I.   Motion to Set Aside and Motion to Vacate

It appears that Plaintiff's Motion to Set Aside Foreclosure Judgment

(Dkt. # 40) and Motion to Vacate Foreclosure Sale (Dkt. # 41) are effectively Rule

60(b) motions for relief from the Court's final judgment granting Defendant's

Motion to Dismiss.  (Dkt. # 34.)  Ms. Castro does not allege any new facts

supporting grounds for relief; rather, she repeats the allegations and arguments

made throughout the course of the lawsuit.  The court considered these allegations

3

and arguments when it issued the order dismissing the case, and Ms. Castro does not suggest any reason why the Court's judgment is void.  Ms. Castro has not demonstrated that any other conditions exist justifying the grant of an "extraordinary remedy."  Accordingly, these motions are **DENIED**.

II.    Notice and Request

Ms. Castro also filed what is effectively a motion for default judgment (Dkt. # 39) and a motion challenging removal of a complaint to federal court (Dkt. # 42).  These motions involve a separate lawsuit currently pending between the same parties: Castro v. SN Servicing LLC, 5-15-CV-00925-DAE (W.D. Tex. filed Oct. 26, 2015).  Accordingly, these motions are not pertinent to the instant action and are **DENIED AS MOOT**.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES AS MOOT** Plaintiff's Notice of Default Judgment (Dkt. # 39), **DENIES** Plaintiff's Motion to Set Aside Foreclosure Judgment (Dkt. # 40), **DENIES** Plaintiff's Motion to Vacate Foreclosure Sale (Dkt. # 41); and **DENIES AS MOOT** Plaintiff's Request to Reset Nonjury Trial (Dkt. # 42).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 10, 2015.

David Alan Ezra
Senior United States Distict Judge