UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARY ANN CASTRO,                          §        No. SA:15–CV–715–DAE
                                          §
            Plaintiff,                    §
                                          §
vs.                                       §
                                          §
SN SERVICING CORPORATION,                 §
                                          §
            Defendant.                    §

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

Before the Court is a Report and Recommendation by United States

Magistrate Judge John W. Primomo (Dkt. # 47) regarding a Motion to Proceed in

Forma Pauperis on Appeal filed by Plaintiff Maryann Castro (Dkt. # 46).  Pursuant

to Local Rule CV-7(h), the Court finds this matter suitable for disposition without

a hearing.  After reviewing the motion, for the reasons that follow, the Court

**ADOPTS** the Report and Recommendation of the Magistrate Judge and **DENIES**

Plaintiff's Motion to Proceed in Forma Pauperis on Appeal (Dkt. # 46).

BACKGROUND

The instant motion arises out of a lawsuit Mary Anne Castro filed

against SN Servicing Corporation ("SNSC") challenging a then-pending mortgage

foreclosure action on the grounds of breach of contract and fraud.  (Dkt. # 1, Ex.

A-1.)

1

The Court dismissed this case on September 25, 2015.[1]  (Dkt. # 34.) Plaintiff appealed this order to the Fifth Circuit, which dismissed her appeal for want of prosecution.  (Dkts. ## 36, 38.)  Plaintiff subsequently filed four motions (Dkts. ## 39–42); the Court construed two as Rule 60(b) motions for reconsideration and denied these motions (Dkt. # 43); the Court determined the other two motions were moot (id.).  On April 11, 2016, Plaintiff filed a notice of appeal, and subsequently filed the instant Motion to Proceed in Forma Pauperis on Appeal (Dkt. # 46).[2]  On May 19, 2016, Magistrate Judge Primomo issued a Report and Recommendations recommending that this Court deny Plaintiff's Motion (Dkt. # 47).  On May 31, 2016, Plaintiff filed an objection (Dkt. # 49).

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after

---

[1] Specifically, the Court dismissed Plaintiff's breach of contract claim with prejudice and dismissed her fraud claim without prejudice.  (Dkt. # 34 at 9.)

[2] Importantly, the instant case is Plaintiff's second of three cases challenging the foreclosure on her home.  See Castro v. BSI Fin. Servs., Inc. et al., No. 5:15-CV-037-FB (W.D. Tex. Jan. 16, 2015); Castro v. SN Servicing Corp., 5:15-cv-925 (W.D. Tex. Oct. 26, 2015).  The first matter was dismissed by United States District Court Judge Fred Biery on May 29, 2015.  Castro, No. 5:15-CV-037-FB (W.D. Tex. May 29, 2015).  The third matter was brought before this Court against SNSC only; it re-plead the fraud claim previously dismissed without prejudice, and added claims for wrongful foreclosure and failure to enter into a loan modification agreement.  See Castro, 5:15-cv-925 (W.D. Tex. Oct. 26, 2015).  All claims in that suit were dismissed with prejudice on May 4, 2016.  Id. (W.D. Tex. May 4, 2016).

being served with a copy of the findings and recommendation.  Fed. R. Civ. P.

72(b)(2).  The Court conducts a de novo review of any of the Magistrate Judge's

conclusions to which a party has specifically objected.  See 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made.").  Findings to which no specific objections are made do not

require de novo review; the Court need only determine whether the Report and

Recommendation is clearly erroneous or contrary to law.  United States v. Wilson,

864 F.2d 1219, 1221 (5th Cir. 1989).  Here, Plaintiff's objection to the Magistrate

Judge's Report and Recommendation is exceedingly broad; rather than specifically

objecting to any of Judge Primomo's findings or conclusions, she merely re-states

the various allegations the Court has reviewed and denied through the pendency of

the lawsuits she has brought concerning this matter.  (Dkt. # 49.)  Accordingly, the

Court reviews the Magistrate Judge's Report and Recommendation for clear error.

## DISCUSSION

"[A] federal court may refuse to certify an appeal for in forma

pauperis status if it is not taken in good faith."  Howard v. King, 707 F.2d 215,

219–20 (5th Cir. 1983);  28 U.S.C. § 1915(a)(3).  A party fails to demonstrate good

faith where she only seeks appellate review of frivolous issues.  King, 707 F.2d at

220; Coppedge v. United States, 369 U.S. 438, 445 (1962).  Here, the issues

presented by Plaintiff have been reviewed and denied in three district court cases. As Magistrate Judge Primomo correctly stated, Plaintiff "defaulted on her mortgage, was provided notice of her default and an opportunity to cure, and did not." (Dkt. # 47 at 5.)  At this point, Plaintiff's legal arguments bear no possibility of further success and are frivolous.  Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis on Appeal is **DENIED** (Dkt. # 46).  See 28 U.S.C. § 1915(a)(3).

CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 47) and **DENIES** Plaintiff's Motion to Proceed in Forma Pauperis on Appeal (Dkt. # 46).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 27, 2016.

_____
David Alan Ezra
Senior United States District Judge